1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GARY S. GRAY,

11          Plaintiff,              No. CIV S-08-0433 MCE DAD PS

12        v.

13   CITY OF WEST SACRAMENTO,       ORDER AND

14          Defendant.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          This case came before the court on December 12, 2008, for hearing of defendant's

17   motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

18   Plaintiff Gary S. Gray, proceeding pro se, appeared on his own behalf.  John A. Whitesides, Esq.

19   appeared for defendant City of West Sacramento.  Upon consideration of all written materials

20   filed in connection with the motion, the parties' arguments at the hearing, and the entire file, the

21   undersigned recommends that defendant's motion be granted and this action be dismissed.

22                          BACKGROUND

23          Plaintiff filed his complaint with an application to proceed in forma pauperis on

24   February 26, 2008.  The Honorable John F. Moulds, the magistrate judge to whom the case was

25   originally assigned, granted plaintiff's in forma pauperis application and authorized service of the

26   complaint on the defendant.  The case was reassigned to the undersigned magistrate judge on

1   May 29, 2008.  Service of process was effected by the United States Marshal, and defendant filed

2   its motion to dismiss on November 4, 2008.  Plaintiff filed timely opposition, and defendant filed

3   a timely reply.

PLAINTIFF'S CLAIMS

5   Plaintiff indicates that his complaint is brought under admiralty law.  He alleges

6   that the City of West Sacramento has interfered with navigation of the Sacramento River Deep

7   Water Ship Channel by constructing bridges that prevent public access to the channel by means

8   of the barge canal and its bascule bridge and locks.  Plaintiff alleges that the bridges at issue were

9   constructed in 1997 and 2005 without the necessary permits.  Plaintiff cites the 1946 Bridges Act

10  and section 9 of the Rivers and Harbors Act of 1899.  Plaintiff seeks $50,000,000 in damages or,

11  in the alternative, injunctive relief in the form of an order "to make them put back the bascule

12  bridge and the lock back in navigation for public use and take out the bridges on Jefferson Bl in

13  West Sacramento, Ca."  (Compl. at 2.)

ANALYSIS

15  Defendant seeks dismissal of plaintiff's claims pursuant to Federal Rule of Civil

16  Procedure 12(b)(6) on the following grounds:  (1) plaintiff lacks standing to sue under the Rivers

17  and Harbors Act of 1899, 33 U.S.C. § 401 et seq., or the General Bridge Act of 1946, 33 U.S.C.

18  § 491 et seq.; (b) the bridges in question do not overlay a navigable waterway within the meaning

19  of the Rivers and Harbors Act or the General Bridge Act; and (c) plaintiff is barred from recovery

20  under general admiralty tort law because he has not alleged physical injury.  Defendant argues

21  further that plaintiff cannot amend his complaint to state any viable claim for relief.

22  The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

23  sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

24  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

25  sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

26  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

1   relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct.

2   1955, 1974 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to

3   grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

4          In determining whether a complaint states a claim on which relief may be granted,

5   the court accepts as true the allegations in the complaint and construes the allegations in the light

6   most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

7   United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

8   stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

9   520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

10  form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  The

11  court is permitted to consider material which is properly submitted as part of the complaint,

12  documents not physically attached to the complaint if their authenticity is not contested and the

13  plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los

14  Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

15         Defendant has construed plaintiff's complaint as asserting three claims for relief:

16  (a) violations of the Rivers and Harbors Act of 1899, 33 U.S.C. § 401 et seq.; (b) violations of

17  the General Bridge Act of 1946, 33 U.S.C. § 491 et seq.; and (c) interference with navigation

18  under admiralty common law.  Plaintiff's complaint does not suggest any other claims, and

19  plaintiff did not identify other claims in written or oral opposition to defendant's motion.

20         The Rivers and Harbors Act of 1899 provides that violators of § 401 and other

21  provisions of the Act are subject to criminal penalties and injunctive relief upon suit brought by

22  the Attorney General of the United States. 33 U.S.C. § 406.[1]  The statutory scheme does not

23

24          [1] Section 406 of Title 33, titled "Penalty for wrongful construction of bridges, piers, etc;
     removal of structures," provides that a person who violates the provisions of §§ 401, 403, and
25  404 will be deemed guilty of a misdemeanor and shall be punished by a fine or imprisonment, or
     both.  Section 406 further provides that removal of any structures or parts of structures erected in
26  violation of the cited sections "may be enforced by the injunction of any district court" in
     proceedings "instituted under the direction of the Attorney General of the United States."

1  provide a private remedy for individuals alleging violations of the Act.  The United States

2  Supreme Court examined the legislative history of the Rivers and Harbors Act and determined

3  that no private right of action is to be judicially implied because the Act "was intended to benefit

4  the public at large through a general regulatory scheme to be administered by [the appropriate

5  government official]" and there is no evidence that Congress anticipated a private remedy.

6  California v. Sierra Club, 451 U.S. 287, 297-98 (1981).  See also Red Star Towing & Transp. Co.

7  v. Dep't of Transp., 423 F.2d 104, 105 & n.3 (3d Cir. 1970) (holding that Congress "chose to

8  achieve its regulatory purpose through specific penal sanctions" and "did not . . . create any civil

9  cause of action in favor of private parties injured by any violation of the [Rivers and Harbors]

10 Act").

11         The General Bridge Act of 1946 also provides for governmental enforcement

12 through criminal and civil penalties and injunctive relief.  33 U.S.C. § 495.[2]  The statutory

13 scheme does not provide a private remedy for individuals alleging violations of the Act, and the

14 Ninth Circuit has joined the majority of circuits in declining to recognize a judicially implied

15 private right of action.  Channel Star Excursions, Inc. v. S. Pac. Transp. Co., 77 F.3d 1135, 1137

16 (9th Cir. 1996) (affirming the district court's dismissal of the plaintiff's Bridge Act claim for

17 failure to state a claim upon which relief can be granted, because there is no implied private

18 claim under the Bridge Act).

19         In the absence of a statutory or judicially implied private right of action, plaintiff

20 cannot proceed on claims brought pursuant to the General Bridge Act or the Rivers and Harbors

21 Act.  Moreover, even if a private right of action existed under the General Bridge Act, plaintiff

22 could not maintain a suit under that Act because the statutory scheme applies only to navigable

23

24         [2]  Section 495(a) of Title 33 provides for criminal penalties for "violations of orders
respecting bridges and accessory works" and for injunctive relief "upon application to the district
court" in "proper proceedings . . . instituted under the direction of the Attorney General of the

25 United States at the request of the Secretary of Transportation."  Section 495(b) provides for civil
penalties imposed in administrative proceedings and for civil actions against persons who fail to

26 pay civil penalties assessed in administrative proceedings.

waterways.  In 1991, the Sacramento River Barge Canal was specifically "declared to not be navigable waters of the United States for purposes of the General Bridge Act of 1946."  33 U.S.C. § 59ee.  In 2000, in order to effect the federal turnover of a portion of the Port of Sacramento and connected waterways, including the barge canal, to the City of West Sacramento, all waters within that portion of the Sacramento Deep Water Ship Channel were "declared to be nonnavigable waters of the United States solely for the purposes of the General Bridge Act of 1946."  33 U.S.C. § 59ee-1.  Thus, the approval requirements that apply to navigable waterways do not apply to the barge canal and plaintiff could not proceed on a Bridge Act claim alleging failure to comply with approval requirements.

Plaintiff's complaint also fails to state an admiralty tort claim because there can be no recovery in admiralty absent a physical injury, and plaintiff has not alleged such injury or indicated that he could amend his complaint to allege injury.  See Channel Star Excursions, 77 F.3d at 1137-38 (holding that "established doctrine in maritime tort law . . . disallows recovery in tort for economic damages without actual physical injury to person or property").

At the hearing of defendant's motion, the court asked plaintiff to identify a statute or any other provision of law that gives him a private right of action to pursue the claims alleged in his complaint.  Plaintiff responded that he has found no such statute or other provision, but he asserted that the statutes cited in his complaint do not affirmatively state that he has no private right of action.

Plaintiff's argument in this regard is unpersuasive.  Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Constitution and by Congress.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  "A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a).  Absent diversity of citizenship, a federal court does not have jurisdiction unless a complaint presents a plausible assertion of a substantial federal right.  Bell v. Hood, 327 U.S. 678, 682 (1945).

1    Here, plaintiff's complaint does not state a claim for relief because it does not

2    contain a short and plain statement of grounds for this court's jurisdiction.  Neither the Rivers

3    and Harbors Act nor the General Bridge Act provides a private right of action, and authorities

4    that are binding on this court have held that no right of action may be judicially implied as to

5    either statute.  The complaint fails to state a general admiralty tort claim because plaintiff has not

6    alleged the requisite injury.

7        The undersigned has carefully considered whether plaintiff may amend his

8    complaint to state any claim upon which relief can be granted.  "Valid reasons for denying leave

9    to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

10   Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

11   Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that,

12   while leave to amend shall be freely given, the court does not have to allow futile amendments).

13   Leave to amend would be futile in this instance because neither the Rivers and Harbors Act nor

14   the General Bridge Act provides plaintiff with a private right of action, and plaintiff has not

15   asserted that he can allege a physical injury to person or property for purposes of a general

16   admiralty tort claim.

17                                                    CONCLUSION

18       For the reasons set forth above, IT IS ORDERED that

19       1.  Defendant's November 4, 2008 request for judicial notice of maps and satellite

20   photos is granted pursuant to Federal Rule of Evidence 201;

21       2.  Plaintiff's November 6, 2008 request for judicial notice is denied because the

22   request presents legal arguments rather than evidence of adjudicative facts; and

23       IT IS RECOMMENDED that:

24       1.  Defendant's November 4, 2008 motion to dismiss (Doc. No. 9) be granted

25   pursuant to Federal Rule of Civil Procedure 12(b)(6); and

26       2.  This action be dismissed with prejudice.

1    These findings and recommendations will be submitted to the United States

2    District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

3    twenty days after being served with these findings and recommendations, any party may file and

4    serve written objections with the court.  A document containing objections should be titled

5    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

6    shall be filed and served within ten days after the objections are served.  The parties are advised

7    that failure to file objections within the specified time may, under certain circumstances, waive

8    the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

9    1991).

10   DATED: December 15, 2008.

11

12                                                   _____

13                                                   DALE A. DROZD
                                                     UNITED STATES MAGISTRATE JUDGE
14   DAD:kw
     Ddad1/orders.pro se/gray0433.mtd.f&r
15

16

17

18

19

20

21

22

23

24

25

26